**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Candace S. Walters, | ) | No. CV11-00150-PHX-JAT |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Odyssey Healthcare Management Long-Term Disability Plan; Odyssey Healthcare Management Long-Term Disability Plan Administrator, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Currently pending before the Court is Defendants' Motion to Dismiss (Doc. 14). The Court now rules on the Motion.

**BACKGROUND**

This case arises from Defendants', Odyssey Healthcare Management Long-Term Disability Plan (the "Plan") and Odyssey Healthcare Management Long-Term Disability Plan Administrator, decision to deny long-term disability benefits to Plaintiff, Candace S. Walters. Plaintiff allegedly became disabled and unable to perform the material and substantial duties of any gainful occupation in October of 2004. Plaintiff allegedly submitted to Defendants a timely claim for long-term benefits, which was refused.

## **LEGAL STANDARDS**

Defendants have moved pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss all claims against them. The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## **ANALYSIS AND CONCLUSION**

Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Early in ERISA's history, the Ninth Circuit announced as the general rule governing ERISA claims that "a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir.1980). Although not explicitly set out in the statute, Congress intended to grant authority to the courts to apply the exhaustion requirement in suits arising under ERISA. *Id.* at 567.

The exhaustion doctrine serves several important policy considerations, including "the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement, and a proper reliance on administrative expertise." *Diaz v. United Agr. Employee Welf. Benefit Plan*, 50 F.3d 1478, 1483 (9th Cir.1995). Federal courts have the authority to enforce the exhaustion requirement in suits under ERISA and "as a matter of sound policy they should usually do so." *Amato* 618 F.2d. at 568.

There are some exceptions to the exhaustion requirement, for instance, when a plaintiff's failure to exhaust administrative remedies is excused or when a plaintiff is deemed to have

exhausted administrative remedies. *See id.* A plaintiff's failure to exhaust administrative remedies may be excused when "resort to the administrative route is futile or the remedy inadequate." *Id.* A plaintiff may be deemed to have exhausted administrative remedies if a defendant failed to establish and follow reasonable claims procedures that would yield a decision on the merits of the claim. 29 C.F.R. § 2560.503-1(l).

Employee claims for plan benefits may implicate statutory requirements imposed by ERISA and, in such cases, "courts may then be called upon to determine whether the plan administrators have construed or dealt with those statutes in an appropriate manner." *Diaz* 50 F.3d at 1484. But the mere prospect of such claims "does not give a claimant the license to attach a 'statutory violation' sticker to his or her claim and then to use that label as an asserted justification for a total failure to pursue the congressionally mandated internal appeal procedures." *Id.* Generally, unless one of the aforementioned exceptions apply, federal courts should enforce the exhaustion requirement in ERISA suits. *Amato* at 568.

Because Plaintiff's claim arises under ERISA, she must avail herself of the Plan's internal remedies before bringing suit in federal court. *Amato* 618 F.2d.at 566-568. To successfully state an ERISA claim, Plaintiff's complaint must contain sufficient factual matter, which, if accepted as true, would allow the Court to draw the reasonable inference that Plaintiff exhausted the Plan's internal remedies or that Plaintiff falls under one of the exceptions to the exhaustion doctrine.

In her complaint, Plaintiff claims that the Defendants refused to process her claim for long term disability benefits. Compl. ¶ 11. In an effort to plead compliance with the exhaustion doctrine, Plaintiff alleges that "as a matter of ERISA law and regulations, Plaintiff is deemed to have fully exhausted all administrative remedies required under the Plan." Compl. ¶ 13. Plaintiff further alleges that Defendants' decision was arbitrary and capricious, violated its own terms and conditions, was an abuse of discretion, and breached fiduciary duties owed to Plaintiff. Compl. ¶¶ 16-19. Finally, Plaintiff claims that Defendants "failed to provide Plaintiff with a full and fair review of her claim," and that Defendants "unreasonably refused to credit medical and vocational evidence supporting Plaintiff's total

disability." Compl. ¶ 20-21.

Plaintiff's Complaint is bereft of any factual content supporting her claim of exhaustion and contains nothing more than labels and conclusions. First, she pleaded no facts that show that internal remedies were exhausted – not even a simple factual statement alleging that Plaintiff attempted to appeal the Plan Administrator's decision. Second, she pleaded no facts demonstrating the futility or inadequacy of the Plan's internal remedies.

Plaintiff's allegations that the initial decision was arbitrary and capricious, that it violated its own terms and conditions, and that it was an abuse of discretion are insufficient to create an inference that an administrative appeal would have been futile or inadequate. Furthermore, the Complaint contains no factual statements describing or explaining how Defendants' decision was arbitrary, capricious, a violation of its own terms, etc.

Nor does Plaintiff's Complaint contain any facts demonstrating that Defendants violated ERISA in a manner that would excuse Plaintiff from pursuing internal review. 29 C.F.R. § 2560.503-1(l) provides that exhaustion may be excused if a defendant plan failed to establish and follow reasonable claims procedures that would yield a decision on the merits of the claim. Plaintiff, however, has not pleaded any facts that demonstrate how Defendant failed to establish or follow reasonable claims procedures. The mere assertion of 29 C.F.R. 2560.503-1(l) violations will not serve as "justification for a total failure to pursue the congressionally mandated internal appeal procedures." *Diaz* 50 F.3d at 1484.

Furthermore, it is possible that the governing plan may have expressly permitted a claimant whose claim has been ignored to file suit in court.[1] Plaintiff, however, has neither attached any plan as an exhibit, nor argued that any such language would give her permission to bring this suit prior to pursuing any other internal administrative remedies.

---

[1] At the motion hearing on July 11, 2011, Plaintiff's counsel pointed to Defendants' Exhibit B (Doc. 14-1), a Group Insurance Policy, calling attention to a provision in the policy that seems to permit lawsuits in the case of ignored claims. In Plaintiff's response to Defendants' Motion to Dismiss, however, Plaintiff argued that Defendants' exhibits were irrelevant and that "there is no evidence that either of these documents are, in fact, the Plan document." (Doc. 15).

1       The Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Because Plaintiff might be able to allege facts bringing her within an exception to ERISA's exhaustion requirements, or facts demonstrating that the Plan itself allowed her to pursue her claim in court, the Court will grant her leave to amend the Complaint. Of course, if the Amended Complaint still does not satisfy Rule 8's pleading standards, Defendants may bring another motion to dismiss. If relevant, any such motion may include an argument regarding ERISA's requirements of exhaustion regardless of a plan's language.

      Accordingly,

      **IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 14) without prejudice.

      **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint no later than 14 days from the date of this Order. If Plaintiff does not file an amended complaint within 14 days, then the Clerk of the Court shall, without further Court order, dismiss this case with prejudice.

      DATED this 13th day of July, 2011.

James A. Teilborg
United States District Judge